IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| NOBLE MASERU, | Case No. 1:18-cv-106 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| UNIVERSITY OF CINCINNATI, | |
| Defendant. | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE (Doc. 79)

This case is before the Court on the following issues raised by Defendant University of Cincinnati's Motion in Limine (Doc. 79). The motion seeks, pursuant to Fed. R. Evid. 104(a), an order in limine preventing Plaintiff Noble Maseru from offering the following evidence at trial:

(i) Any reference to, testimony, or argument about alleged acts of discrimination by the University or its employees, including other lawsuits or charges of discrimination. This prohibition is not intended to Plaintiff's race discrimination claim;

(ii) Any reference to, testimony, or argument about the University's hiring process and decisions related to the Assistant Professor of Health Policy Management position;

(iii) Any reference to, testimony, or argument about statistical evidence

1

regarding the race of employees in the University's Environmental Health Department, the University, the City of Cincinnati, or racial climate of society in general;

(iv)   Any reference to, testimony, or argument asking the jurors to "send a message" or to act as the "conscience of the community;"

(v)   Any reference to, testimony, or argument about the financial position or resources of the University of Cincinnati;

(vi)   Any reference to, testimony, or argument about the University's Motion for Summary Judgment, this Court's decision regarding that Motion, or any other pretrial rulings in this case; and

(vii)   Any reference to, testimony, or argument asking jurors to treat Maseru as a family member or a friend for purpose of their deliberations, or similar comments disallowed under jurisprudence related to the "Golden Rule" style of argument.

## I.   Standard

The purpose of motions in limine is "to avoid delay and ensure an evenhanded and expedient trial by ruling on certain evidentiary issues in advance of trial." *Enoch v. Hamilton County Sheriff*, No. 1:16-cv-661, 2022 WL 614687, *3 (S.D. Ohio Mar. 2, 2022). This Court adjudicates motions in limine under its "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Only when evidence is clearly inadmissible on all potential grounds should a court exclude evidence in limine. *Enoch*, 2022 WL 614687 at *3. "Unless evidence meets this high standard, evidentiary rulings are generally deferred until trial[,] so that questions of foundation, relevance, and potential

prejudice may be resolved in the [trial] context." *Encoch,* 2022 WL 614687 at *3. It is the moving party's burden to show that the evidence it seeks to exclude is clearly inadmissible. *Corp. Commc'n Serv. of Dayton, LLC v. MCI Commc'n Serv., Inc.,* No. 3:08-cv-046, 2010 WL 1445169, *1 (S.D. Ohio Apr. 12, 2010).

Denial of a motion in limine does not mean that the evidence is guaranteed to be admitted at trial; the court will hear objections to such evidence if and when they arise at trial. *Gresh v. Waste Servs. of Am., Inc.,* 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). And the court has the discretion to alter a previous in limine ruling during trial. *Luce,* 469 U.S. at 41-42.

## II. Analysis

### A. Other Alleged Acts of Discrimination by UC

First, UC asks the Court to exclude "any reference to, testimony, or argument about alleged acts of discrimination by the University or its employees, including other lawsuits or charges of discrimination." (Motion in Limine, Doc. 79, Pg. ID 1234.) UC claims that, as a large public institution, UC has faced many different allegations of discrimination that have no bearing on this case. UC also argues that any reference to other alleged acts of discrimination is irrelevant, unfairly prejudicial, and would confuse the issues for the jurors.

"Evidence that an employer engaged in a pattern or practice of discrimination may be relevant to proving an otherwise-viable individual claim for disparate treatment under the *McDonnell Douglas* framework." *Megivern v. Glacier Hills Inc.,* 519 F. App'x 385, 399 (6th Cir. 2013). "[W]hether such evidence is relevant is a case by case determination that

3

depends on many factors, including how closely related the evidence is to plaintiff's circumstances and theory of the case." *Pelcha v. MW Bancorp, Inc.*, 455 F. Supp. 3d 481, 508 (S.D. Ohio 2020) (internal quotations omitted).

Evidence of alleged acts of discrimination by UC, generally, would be irrelevant to Plaintiff's claims, unduly prejudicial, and risk confusion of the issues, thus warranting exclusion pursuant to Fed. R. Evid. 403. However, alleged acts of discrimination within UC's Department of Environmental Health would be relevant to Plaintiff's claims, such as evidence of racial discrimination within the hiring process of professors with the Department. *See Storrs v. University of Cincinnati*, No. 1:15-cv-136, 2018 WL 684759, *7 (S.D. Ohio Feb. 2, 2018). Such evidence's probative value to Plaintiff's claims is not substantially outweighed by undue prejudice or risk of confusing the issues, because such evidence would be directly related to whether UC's Department of Environmental Health has a pattern or practice of discrimination.

Accordingly, UC's Motion in Limine (Doc. 79), to the extent it seeks to exclude references to other allegations or claims against UC, is **GRANTED IN PART and DENIED IN PART**. Specifically, the motion is **DENIED** to the extent it seeks to exclude evidence of racial discrimination in the Department of Environmental Health. To the extent the motion seeks exclusion of other unrelated claims or allegations of discrimination, it is **GRANTED**.

### B. UC's Process and Decision Related to the Assistant Professor Position

Second, UC asks the Court to exclude "any reference to, testimony, or argument about the University's hiring process and decisions related to the Assistant Professor of

4

Health Policy Management position." (Motion in Limine, Doc. 79, Pg. ID 1234.) UC argues that such evidence is irrelevant and would mislead the jury. Plaintiff claims that such request is overbroad. The Court agrees with Plaintiff.

Plaintiff's claims are based on UC's hiring process in its entirety. UC's hiring process for the Associate Professor position and Assistant Professor position were intertwined. It appears that those who applied for either position were considered for both the Associate Professor and Assistant Professor positions. Thus, the entirety of the hiring process, including UC's consideration of applicants for the Assistant Professor position, is probative to Plaintiff's claims. And UC fails to show how evidence of the hiring process and decisions related to the Assistant Professor position would mislead the jury. Thus, UC failed to satisfy its burden of showing that evidence regarding the Assistant Professor position is clearly inadmissible.

Accordingly, UC's Motion in Limine (Doc. 79), to the extent seeks to exclude evidence of UC's hiring process and decisions related to the Assistant Professor position, is **DENIED**.

### C. Demographic Statistics

Third, UC asks the Court to exclude "[a]ny reference to, testimony, or argument about statistical evidence regarding the race of employees in the University's Environmental Health Department, the University, the City of Cincinnati, or racial climate in society in general." (Motion in Limine, Doc. 79, Pg. ID 1234.) Again, UC makes the argument that such evidence is irrelevant and unfairly prejudicial, pursuant to Fed. R. Evid. 401 and 403. Plaintiff opposes exclusion of such evidence, arguing that UC's

5

request is overbroad.

Under Sixth Circuit precedent, statistics are not admissible as evidence of pretext where the plaintiff does not establish the number of qualified minorities available in each labor market. *Smith v. Leggett Wire Co.*, 220 F.3d 752, 761 (6th Cir. 2000). However, such holding is limited to situations where a plaintiff solely relies on statistical evidence to prove pretext. Specifically, the Sixth Circuit has held that statistical evidence is admissible when a defendant's "explanations are inherently suspect" or a plaintiff can offer "other direct or circumstantial evidence suggesting that the proffered reasons are not true[.]" *Thompson v. Ohio State Univ.*, 639 F. App'x 333, 341-42 (6th Cir. 2016). Here, the Court has previously held that Plaintiff possesses enough evidence for a reasonable juror to determine that UC's proffered reasons are pretextual. (*See* Order Denying Defendant's Motion for Summary Judgment, Doc. 70.) Outside of mentioning that a broad array of such demographic statistics would be unfairly prejudicial or confuse the jury, UC fails to satisfy its burden that such evidence, as it relates to the Department of Environmental Health, is clearly inadmissible.

However, UC has established that statistical evidence relating to the demographics of all of UC's employees and the City of Cincinnati's employees is clearly inadmissible. For evidence to be relevant, it must have: (1) "any tendency to make a fact more of less probable than it would be without the evidence;" and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. The demographics of those employed by UC as a whole and the City of Cincinnati possesses neither requirement. This case rises and falls on hiring practices within UC's Department of Environmental

6

Health. Therefore, the Court agrees that the demographic makeup of UC employees or the City of Cincinnati employees is clearly inadmissible.

Lastly, while UC asks this Court to order that neither Plaintiff nor his counsel may make any mention of the social climate in our country, Plaintiff fails to make any substantive argument or cite any case law on the issue. It is UC's burden to show that such reference would be clearly inadmissible. It failed to do so.

Thus, UC's Motion in Limine (Doc. 79), to the extent it seeks to exclude any reference, testimony, or argument of statistical evidence regarding the race of employees in UC's Environmental Health Department, UC, the City of Cincinnati, or racial climate in society in general, the motion is **GRANTED IN PART and DENIED IN PART**. First, the motion is **DENIED** to the extent it seeks to exclude statistical evidence regarding the race of employees in UC's Department of Environmental Health. Second, the motion is **GRANTED** to the extent it seeks to exclude statistics regarding the race of employees at UC or the City of Cincinnati. Lastly, the motion is **DENIED** to the extent seeks to exclude any evidence of the racial climate in society.

### D. Sending a Message and Conscience of the Community Comments

Fourth, UC asks the Court to exclude "[a]ny reference to, testimony, or argument asking the jurors to 'send a message' or to act as the 'conscience of the community.'" (Motion in Limine, Doc. 79, Pg. ID 1234.) UC argues that such statements are inherently prejudicial because they urge the jury to render a verdict based on "passion and prejudice." (*Id.* at Pg. ID 1239.) The Court agrees. Statements such as these "should be excluded as they would inappropriately ask the jury to assume a position adversarial" to

7

UC. *Storrs,* 2018 WL 684759 at *8. Thus, UC's Motion in Limine (Doc. 79) is **GRANTED** to the extent it seeks to exclude references by Plaintiff or counsel that the jury should "send a message" or act as the "conscience of the community" when deliberating.

### E. UC's Financial Position and Resources

Fifth, UC asks the Court to exclude "any reference to, testimony, or argument about the financial position or resources of the University." (Motion in Limine, Doc. 79, Pg. ID 1234.) UC argues that such comments are irrelevant pursuant to Fed. R. Civ. P. 401. UC also argues that any minimal probative value such evidence has is outweighed by the danger of confusing and inflaming the jury and is thereby inadmissible pursuant to Fed. R. Civ. P. 403.

Again, the Court agrees with UC. Any slight probative value reference to UC's financial resources is clearly outweighed by the real danger of unfair prejudice and risk of misleading the jury. *See Storrs,* 2018 WL 684759; see *also Pierano v. Momentive Specialty Chem., Inc.,* No. 2:11-cv-00281, 2012 WL 5389830 (S.D. Ohio Nov. 5, 2012). Thus, pursuant to Fed. R. Civ. P. 403, UC's Motion in Limine (Doc. 79) is **GRANTED** to the extent it seeks to exclude any reference or argument relating to UC's financial resources.

### F. Prior Filings and Orders

Sixth, UC also seeks exclusion of any reference to, testimony, or argument regarding prior filings in this case, specifically UC's Motion for Summary Judgment (Doc. 56) and this Court's Order Denying Defendant University of Cincinnati's Motion for Summary Judgment (Doc. 70) and any other pretrial rulings. UC argues that any evidence relating to pretrial motions and files is irrelevant and inadmissible pursuant to Fed. R.

Evid. 403.

The Court agrees that any reference to the fact that UC filed a motion for summary judgment and this Court's subsequent order denying the motion is irrelevant to the issues to be decided at trial. *See Storrs*, 2018 WL 684759 at *3. Additionally, even if evidence of the motion and order had any probative value, such slight probative value would be substantially outweighed by danger of confusing the issues and misleading the jury. However, the blanket exclusion of "any other pretrial rulings" is overbroad at this stage. *See id.* Without the benefit of context, the Court is unwilling to go so far as to exclude all references made to any prior rulings in this case.

Thus, UC's Motion in Limine (Doc. 79) is **GRANTED IN PART and DENIED IN PART** to the extent it seeks to exclude reference to the Motion for Summary Judgment, the Order Denying University of Cincinnati Motion for Summary Judgment and any other prior rulings. The motion is **GRANTED** to the extent it seeks to exclude reference to UC's Motion for Summary Judgment (Doc. 56) and this Court's Order Denying University of Cincinnati's Motion for Summary Judgment (Doc. 70). However, the motion is **DENIED** to the extent it seeks to exclude reference to all other pretrial rulings.

### G. The Golden Rule

Lastly, UC asks the Court to exclude any reference to, testimony, or argument by Plaintiff or his counsel that the jury should "treat [Plaintiff] as a family member or a friend for purpose of their deliberations . . ." (Motion in Limine, Doc. 79, Pg. ID 1235.) As this Court has held in the past, "golden rule style arguments are improper because they ask jurors to be partial." *Storrs*, 2018 WL 684759 at *8. Thus, UC's Motion in Limine (Doc. 79)

9

is **GRANTED** to the extent it seeks to exclude "Golden Rule" arguments.

### III. Conclusion

For the reasons above, the Court rules as follows:

(1) The Court **GRANTS IN PART and DENIES IN PART** Defendant's motion in limine to the extent it seeks to exclude any reference to, testimony, or argument about alleged acts of discrimination by Defendant or its employees, including other lawsuits or charges of discrimination. Specifically, the motion is **DENIED** to the extent it seeks to exclude evidence of racial discrimination in the Department of Environmental Health. To the extent the motion seeks exclusion of other unrelated claims or allegations of discrimination, it is **GRANTED**.

(2) The Court **DENIES** Defendant's motion in limine to the extent it seeks to exclude any reference to, testimony, or argument about Defendant's hiring process and decision related to the Assistant Professor of Health Policy Management position.

(3) The Court **GRANTS IN PART and DENIES IN PART** Defendant's motion in limine to the extent it seeks to exclude any reference to, testimony, or argument about statistical evidence regarding the race of employees in Defendant's Environmental Health Department, the Defendant, generally, the City of Cincinnati, or racial climate of society in general. First, the motion is **DENIED** to the extent it seeks to exclude statistical evidence regarding the race of employees in UC's Department of Environmental Health. Second, the motion is **GRANTED** to the extent it seeks to exclude statistics regarding the race of

10

employees at UC or the City of Cincinnati. Lastly, the motion is **DENIED** to the extent seeks to exclude any evidence of the racial climate in society.

(4) The Court **GRANTS** Defendant's motion in limine to the extent it seeks to exclude any reference to, testimony, or argument asking the jurors to "send a message" or to act as the "conscience of the community."

(5) The Court **GRANTS** Defendant's motion in limine to the extent it seeks to exclude any reference to, testimony, or argument about the financial position or resources of Defendant.

(6) The Court **GRANTS IN PART and DENIES IN PART** Defendant's motion in limine to the extent it seeks to exclude any reference to, testimony, or argument about Defendant's Motion for Summary Judgment (Doc. 56), the Court's Order Denying Defendant University of Cincinnati's Motion for Summary Judgment (Doc. 70), or any other pretrial rulings in this case. Specifically, the motion is **GRANTED** to the extent it seeks to exclude reference to UC's Motion for Summary Judgment (Doc. 56) and this Court's Order Denying University of Cincinnati's Motion for Summary Judgment (Doc. 70). However, the motion is **DENIED** to the extent it seeks to exclude reference to all other pretrial rulings.

(7) The Court **GRANTS** Defendant's motion in limine to the extent it seeks to exclude any reference to, testimony, or argument asking jurors to treat Plaintiff as a family member or a friend for purpose of their deliberations, or similar comments disallowed under jurisprudence related to the "Golden Rule" style argument.

11

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND